# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ROBERT BROWN and K.B., a minor,**   )
                                                  )
           **Plaintiffs,**          )
                                                  )
**v.**                                                   )         Case No. 10-2188-JAR
                                                  )
**KVC BEHAVIORAL HEALTHCARE,**  )
**INC., et al.,**                                  )
                                                  )
           **Defendants.**         )
                                                  )

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' motions to:

    1. appoint counsel (Doc. 11);

    2. proceed in forma pauperis (Doc. 13); and

    3. amend the scheduling order (Doc. 21).

The court's rulings are set forth below.

## Background

Highly summarized, this is an action by a father and a minor child for substantive due process violations based on "unwarranted state interference in family relations and custody." Robert Brown, pro se, filed the action on behalf of himself and his minor child. Mr. Brown is not a licensed attorney and the court, sua sponte, requested briefing on the issue of whether

a non-attorney parent could represent a minor child in an action for monetary damages. Defendants moved to dismiss the minor's claims, citing a Tenth Circuit holding that "a minor child cannot bring suit through a parent action as next friend if the parent is not represented by an attorney." Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986). Mr. Brown countered by moving (1) to proceed in forma pauperis and (2) for the appointment of counsel.

## Motion to Proceed In Forma Pauperis

Mr. Brown moves for leave to proceed in forma pauperis, arguing he is unable to pay the fees and costs in this case because of his financial status. However, Mr. Brown has *already* paid the $350 filing fee and the case is proceeding. More importantly, the court has reviewed his affidavit of financial resources and is not persuaded that he qualifies to "continue the case without the payment of fees and costs." Mr. Brown is employed and has a stream of income sufficient to pay the routine "costs and fees" associated with this case. Accordingly, Mr. Brown's motion to proceed in forma pauperis shall be DENIED.

## Motion for the Appointment of Counsel

In determining whether to grant plaintiff's request, the court is guided by Castner v. Colorado Springs Cablevision, 979 F.2d 1417 (10th Cir. 1992). The Tenth Circuit has identified four factors which are relevant to the district court's discretionary decision whether to appoint counsel: (1) plaintiff's financial inability to pay for counsel; (2) plaintiff's diligence in attempting to secure counsel; (3) the existence or nonexistence of meritorious

allegations and (4) plaintiff's capacity to present the case without counsel. Although Mr. Brown has income sufficient to pay the filing fee and nominal costs in this case, he does not have sufficient financial resources to hire counsel. Moreover, Mr. Brown has shown diligence in seeking counsel but has been unable to locate a lawyer willing to take this case on a contingency basis. With respect to the merits of the case, the court does not have sufficient information presently to fully evaluate plaintiff's claims but it does not appear that Mr. Brown is asserting frivolous claims. Finally, Mr. Brown's filings show that he has the capacity to present *his* case; however, Tenth Circuit precedent precludes the minor child's claims unless a licensed attorney participates in the case.

After considering the Castner factors the court exercises its discretionary authority and appoints counsel to assist Mr. Brown. The court appoints Amy E. Morgan and Teresa Anderson of the Polsinelli Shughart PC law firm, Overland Park, Kansas, to represent Mr. Brown as "next friend of K.B."[1]

The clerk is directed to send a copy of this order to Ms. Morgan, Ms. Anderson, and Mr. Brown. Mr. Brown shall contact Ms. Morgan at her office, phone number 913-234-7512, immediately upon receipt of this order.

### Motion to Amend Scheduling Order

---

[1] Ms. Morgan and Ms. Anderson may divide responsibilities for the case as they deem appropriate. Under certain circumstances appointed counsel may be reimbursed for reasonable out-of-pocket expenses which the client is unable to pay. See D. Kan. Rule 83.5.3(e)(2) (permissible disbursement from bar registry fund). Counsel should review D. Kan. Rule 83.5.3(f) if a request for reimbursement of out-of-pocket expenses is contemplated.

Mr. Brown moves to amend the scheduling order, citing the uncertainty of whether counsel would be appointed concerning K.B. As noted above, counsel has now been appointed to assist Mr. Brown in bringing his minor child's claim. All counsel and Mr. Brown shall confer and submit a supplemental Rule 26(f) planning report by **September 30, 2010.** The court will address the amended scheduling order after review of the supplemental planning report. Counsel are admonished that Judge Robinson has set a **firm trial date of November 7, 2011** in this case.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to proceed in forma pauperis **(Doc. 13)** is **DENIED.** Plaintiffs' motion for the appointment of counsel **(Doc. 11)** is **GRANTED**, consistent with the rulings herein. Plaintiffs' motion to amend the scheduling order is deferred pending the submission of a supplemental planning report.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 8th day of September 2010.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge